UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

DARRELL GOFF,

    Plaintiff,

vs.

SYNERPRISE CONSULTING SERVICES, INC.,

    Defendant,

_____/

## **COMPLAINT**

Plaintiff, DARRELL GOFF ("Plaintiff"), by and through his undersigned counsel and on his behalf, hereby files the following Complaint against Defendant, SYNERPRISE CONSULTING SERVICES, INC. ("Defendant") and alleges.

1. This is an action for damages for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*

2. The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."  15 U.S.C. § 1692(e).

## **PARTIES**

3. Plaintiff is an individual residing in Dallas, Georgia.

4. Plaintiff is a 'consumer' within the meaning of FDCPA, 15 U.S.C. § 1692a(3).

5. Defendant is a Texas corporation with its principle place of business located in Plano,

Texas.

6. At all relevant times, Defendant has been and is engaged in the business of collecting and attempting to collect consumer debts in the state of Georgia.

7. As such, Defendant is a 'debt collector' within the meaning of 15 U.S.C. § 1692a(6) as its principal purpose is the collection of debt or it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another and uses the mails to accomplish this purpose and collect debts.

## JURISDICTION AND VENUE

8. This Court has jurisdiction pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

9. Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. §1391(b) because the events giving rise to the claims occurred in the Northern District of Georgia.

## GENERAL ALLEGATIONS

10. On February 25, 2014, Defendant sent or caused to be sent to Plaintiff via U.S. Mail, a letter attempting to collect a debt or financial obligation allegedly incurred by Plaintiff for primarily personal, family, or household purposes (hereinafter debt letter) and Plaintiff received it shortly thereafter.  A copy of the debt letter is attached hereto as **EXHIBIT A.**

11. The debt letter is a 'communication' pursuant to 15 U.S.C. §1692a(2).

12. The upper right hand corner of the debt letter identifies multiple creditors:

    PROPATH ASSOCIATES
    PROPATH LABORTORY
    PEACH TREE RADIOLOGY

    The debt letter then provides a balance of $3460.86.  The debt letter fails to define the individual amounts allegedly owed to the individual creditors.

13. As a result, Plaintiff is unable to discern what each creditor is individually attempting to collect.  Consequently, if Plaintiff paid the total balance, Plaintiff would not know what amount was paid to each individual creditor.  Along those same lines, Plaintiff would not know whether the amount paid satisfied all of the debts alleged by the individual creditor.  Certainly, these are individual companies seeking individual remuneration.  The Defendant's attempt to group these debts all as one is confusing and misleading to an unsophisticated consumer.

14. Additionally, the debt letter provides the following disclosure which leads to further confusion:

> This is an attempt to collect a debt by a debt collector.  Any information obtained will be used for that purpose.  Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume the debt is valid.  If you notify this office in writing within 30 days from receiving this notice, this office will: obtain verification of this debt or obtain a copy of a judgment and mail you a copy of such judgment of verification.  If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Despite the debt letter discussing three creditors and three debts, this paragraph discusses the debts as one debt.  Based on the way this debt letter is written, Plaintiff seemingly cannot dispute the validity of one of the debts from one of the creditors without disputing the validity of all the debts from all the creditors. Plaintiff has no way of identifying what individual amounts are owed to the individual creditors. It is disingenuous and misleading to treat three separate debts from three separate creditors as one debt.  The FDCPA does not require an unsophisticated consumer to rely on past notices, bills, or letters to understand the character of the debt being collected.

## COUNT I

## VIOLATON OF THE FAIR DEBT COLLECTION PRACTICES ACE

15. Plaintiff incorporates by reference paragraphs 1 through 14 of this Complaint as though stated fully herein.

16. The foregoing acts and omissions of Defendant violate 15 U.S.C. §§1692g(a)(2), 1692e, 1692e(2)(A), 1692e(10), and 1692e(11).

17. As a result of Defendant's violation of the FDCPA, pursuant to 15 U.S.C. §1692k, Plaintiff is entitled to statutory damages up to $1,000.00 plus reasonable attorneys fees and costs.

WHEREFORE, Plaintiff requests the court enter judgment in Plaintiff's favor for:

i. The maximum amount of statutory damages pursuant to 15 U.S.C. §1692k.;

ii. Attorneys fees, litigation expenses and costs pursuant to 15 U.S.C. §1692k(a)(3); and;

iii. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for all issues decidable by a jury.

**Dated: November 24, 2014**

/s/ Kenneth LaVan  
Kenneth L. LaVan, Esq.  
GA. Bar No. 322045  
aneidenberg@disabilitylawclaims.com  
7067 D West Broward Boulevard  
Plantation, FL 33317  
954-617-2202  
*Attorney for Plaintiff*